**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAUL CAMACHO, | No. 4:25-CV-00079 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PROGRESSIVE ADVANCED INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION**

**MARCH 19, 2026**

## I.    BACKGROUND

Plaintiff Paul Camacho ("Plaintiff") brought a two-count complaint in the Court of Common Pleas of Lackawanna County against Defendant Progressive Advanced Insurance Company ("Defendant") for Defendant's alleged failure to pay Plaintiff's insurance claim.[1] Defendant removed the case to this Court[2] and, now, brings a motion for summary judgment under Federal Rule of Civil Procedure 56.[3] The motion is ripe for disposition. For the reasons stated below, it is granted.

---

[1]    Doc. 1-1 (Compl.) at 4-9.
[2]    Doc. 1 (Not. of Removal).
[3]    Doc. 17 (Mot.).

## II.    DISCUSSION

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[5] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[6] Conversely, to survive summary judgment, a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[7]

"[C]onclusory testimonial evidence cannot defeat summary judgment."[8] Moreover, "'[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence.'"[9] However, "[i]f a party fails to properly support an assertion of fact or fails to properly

---

[4]    FED. R. CIV. P. 56(a).
[5]    *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010).
[6]    *Clark v. Mod. Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993).
[7]    *Id.*
[8]    *Daimler v. Moehle*, No. 23-2611, 2025 WL 1355138, at *5 (3d Cir. May 9, 2025).; *see also Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012).
[9]    *Paladino v. Newsome*, 885 F.3d 203, 209-10 (3d Cir. 2018) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)).

2

address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion."[10]

In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the [nonmoving] party,"[11] the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[12] Finally, although "the court need consider only the cited materials, . . . it may consider other materials in the record."[13]

## B.    Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the facts. As referenced above, I must view the facts and evidence, and resolve all doubts, in the light most favorable to the nonmoving party. With that in mind, the undisputed facts for the purposes of this motion are as follows.

Plaintiff held a car insurance policy through Defendant ("the Policy") which provided that Defendant would pay first-party medical benefits "for loss or expense sustained by an insured person because of bodily injury caused by an accident and arising out of the *maintenance or use* of a motor vehicle."[14]

---

[10]   FED. R. CIV. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

[11]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).

[12]   *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

[13]   FED. R. CIV. P. 56(c)(3).

[14]   Doc. 18 (Concise Statement of Material Facts) at ¶¶ 1-3 (emphasis added); Doc. 22 (Answer to Statement of Facts) at ¶¶ 1-3.

On February 23, 2021, Plaintiff pulled his vehicle, a 2010 Ford Expedition 4 Door Wagon,[15] into a handicapped parking spot in the Walmart parking lot in Bradford County.[16] Plaintiff began to exit his vehicle, placing his right foot on the step board of his vehicle.[17] While Plaintiff remained "vehicle oriented," with his right arm and other "various parts of his body in direct physical contact with the vehicle," [18] Plaintiff's left foot found purchase on a sheet of ice on the parking lot.[19] Upon meeting the crystalline surface, Plaintiff's foot gave way and Plaintiff fell, his body striking the vehicle and, eventually, the ground.[20] Plaintiff sustained a variety of injuries from the fall, including head trauma and damage to his extremities.[21]

Plaintiff filed a customer incident report with Walmart, where he described the incident in the following way: "[I] [p]ulled into the handicap parking spot, stepped out of vehicle and slipped on sheet of ice."[22] Plaintiff instituted a separate proceeding against Walmart.[23] Plaintiff filed a claim with Defendant to recover for his injuries and medical expenses.[24]

---

[15]   Doc. 1-1 at ¶ 3.
[16]   Doc. 1-1 (Compl.) at ¶¶ 3-4; Doc. 18-9 (Exhibit I - Plaintiff's Recorded Statement) at lines 32, 38-41.
[17]   Doc. 18 at ¶ 16; Doc. 18-9 at lines 79-80.
[18]   Doc. 22 at ¶¶ 18-19.
[19]   Doc. 18 at ¶¶ 5, 22; Doc. 22 at ¶ 5.
[20]   Doc. 22 at ¶ 21. Defendant does not produce evidence to dispute Plaintiff's contention that his body's striking of the vehicle in his fall caused him injury, and I therefore accept Plaintiff's contention as true.
[21]   Doc. 18-9 at lines 156-175; Doc. 1-1 (Compl.) at ¶ 5.
[22]   Doc. 18-6 (Exhibit F).
[23]   Doc. 18-11 at 51:14-18.
[24]   Doc. 1-1 at ¶ 8.

In his report to Defendant, Plaintiff again described the injury's cause to be his slipping on ice and snow on the ground.[25] Defendant denied the claim, stating that the nature of the fall rendered the injury outside the coverage of the Policy, which covers only "maintenance or use" of a vehicle.[26]

In the resulting process of this and other litigation, Plaintiff gave both a recorded interview and a deposition.[27] Plaintiff again agreed that the foot that he had placed on the ground had lost footing and slipped out from under him.[28] Specifically, he said, "it's a handicap spot. You, you [sic] think they pay a little more attention, you know?"[29]

### C.    Analysis

Plaintiff brought two claims against Defendant, one for breach of the insurance contract and one for bad faith denial.[30] The facts are largely uncontested in this case; the parties only dispute whether Plaintiff's fall constitutes "maintenance or use" of the motor vehicle.[31]

As the dispute stems from an insurance contract, the Court's primary consideration is to "'ascertain the intent of the parties as manifested by the language

---

[25]   Doc. 18-2 (Exhibit B).
[26]   Doc. 18 at ¶ 20; Doc. 22 at ¶ 20.
[27]   Doc. 18-9 (Exhibit I); Doc. 18-11 (Exhibit K).
[28]   Doc. 18 at ¶ 16; Doc. 22 at ¶ 16; Doc. 18-9 at lines 84, 102-128.
[29]   Doc. 18-9 at line 121.
[30]   Doc. 1-1 at Counts I, II; Doc. 23 at 2 (describing the claims).
[31]   Doc. 19 (Br. in Supp.) at 3; Doc. 23 (Br. in Opp.) at 4.

of the written instrument.'"[32] "Words of common usage must be 'construed in their natural, plain, and ordinary sense.'"[33] When the language is "clear and unambiguous, a court must enforce that language . . . . However, if the contract's terms are reasonably susceptible to more than one interpretation, then they must be regarded as ambiguous."[34] In Pennsylvania, ambiguity should be construed, to the extent possible, "'against the insurer and in favor of the insured.'"[35] Accordingly, this Court must "interpret the language of the Policy to determine the scope of its coverage, and examine the factual allegations in the [s]tate [c]ourt [c]omplaint to ascertain if the facts assert a claim that may fall within the scope of insurance coverage."[36]

Both parties turn to Pennsylvania courts' interpretation of "maintenance or use" provisions to argue that Plaintiff's fall does/does not fall within the Policy.[37] Courts have interpreted such provisions to require that, "to be within the scope of coverage under such a policy, the use of the vehicle must be *causally connected* to the injury; where a vehicle is 'merely incidental' to the accident, it is not in 'use'

---

[32] *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 320 (3d Cir. 2011) (quoting *Home Ins. Co. v. Law Offices of Jonathan DeYoung*, 32 F. Supp. 2d 219, 223 (E.D. Pa. 1998)).

[33] *Id.* (quoting *Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 432 F. Supp. 2d 488, 495 (E.D. Pa. 2006)).

[34] *Id.* at 321.

[35] *Id.* (quoting *Med. Protective Co. v. Watkins*, 198 F.3d 100, 104 (3d Cir. 1999)).

[36] *Ramos v. Progressive Specialty Ins. Co.*, No. 24-0816, 2024 WL 3625172, at *4 (E.D. Pa. July 31, 2024).

[37] Doc. 23 at 5 (citing *Omodio v. Aetna Life & Cas. Co.*, 559 A.2d 570 (Pa Super. 1989)); Doc. 19 at 4-5.

within the meaning of the policy."[38]   This standard Pennsylvania rule requires

"'vehicle-caused injuries,' not just injuries that happen to be sustained therein."[39]

Here, Plaintiff's fall is not sufficiently causally connected to his vehicle to fall under the terms of the policy; his vehicle was "merely incidental" to the accident. It is incapable of factual dispute that Plaintiff fell because of the ice.[40] Plaintiff does not argue to the contrary. Instead, Plaintiff argues that exiting the vehicle in the manner that he did still constitutes "use" of a motor vehicle because 1) Plaintiff was "vehicle oriented" at the time of the fall, still vertical and touching parts of the vehicle, and 2) his injuries were sustained, in part, when his body struck the vehicle during his descent to the ground.[41] Neither of these arguments is compelling.

The United States Court of Appeals for the Third Circuit has addressed a quite similar situation in *United States Underwriters Ins. Co. v. Liberty Mutual Ins. Co.*, where a plaintiff fell because of a slippery substance in a parking lot while exiting his vehicle, striking his back on the car door.[42] Applying Pennsylvania law, the Third

---

[38]   *Agway Ins. Co. v. Goodville Mut. Cas.*, 48 F. App'x 37, 38-39 (3d Cir. 2002) (emphasis added) (finding that the act of unloading a vehicle was sufficiently causally related to the injury to qualify as "use") (citing *State Auto Ins. Ass'n v. Kuhfahl*, 527 A.2d 1039, 1043-44 (Pa. Super. 1987)).

[39]   *Eberhardinger v. City of York*, 341 F. Supp. 3d 420, 436 (M.D. Pa. 2018) (quoting *Cummings v. State Farm Mut. Auto. Ins. Co.*, 596 A.2d 1138, 1139 (1991)).

[40]   Doc. 18 at ¶¶ 21-22; Doc. 22 at ¶¶ 21-22; Doc. 18-2 at 1 (Exhibit B) (again describing the injury as caused by him slipping on ice); Doc. 18-6 (Exhibit F) (Plaintiff's own description of the accident was that he "[p]ulled into the handicap parking spot, stepped out of vehicle and slipped on sheet of ice."); Doc. 18-9 at line 121 (stating that Walmart should pay "pay a little more attention" to a "handicap spot.").

[41]   Doc. 23 at 4-5.

[42]   80 F.3d 90, 92 (3d Cir. 1996). While *Underwriters* is not a very recent opinion, its foundations have stood the test of time. *See Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, No. 22-

Circuit held that the plaintiff's accident did not fall within the bounds of maintenance or use.[43]

As in *Underwriters,* the vehicle in the case at bar was merely the "situs of the injury" and "its presence was not instrumental in the fall."[44] Plaintiff argues that, by striking the vehicle with his body on the way down to the ground, the vehicle was instrumental in his injuries.[45] However, so too was the case in *Underwriters*, where

---

2565, 2023 WL 6172886, at *3 (3d Cir. Sept. 22, 2023) (citing *Underwriters*); *Republic Franklin Ins. Co. v. Brethren Mut. Ins. Co.*, 824 F. App'x 132, 133-34 (3d Cir. 2020) (citing *Underwriters*).

[43] *Underwriters*, 80 F.3d at 95 ("A layman would understand that the instrumentality used to cause the injury in the case at bar was the substance on the surface of the parking lot. The cause of [the plaintiff's] injury was the fact that he slipped on grease, and all the clever arguments of skilled legal advocates cannot alter this central event. It was 'mere fortuity' that [the plaintiff] was still partially in his car when he slipped. . . . Causation, however, requires more than 'mere happenstance.'") (quoting *Pecorara v. Erie Ins. Exchange*, 596 A.2d 237, 240 (Pa. Super. 1991) and *Roach v. Port Auth. of Allegheny Cnty.*, 550 A.2d 1346, 1349 (Pa. Super. 1988)).

[44] *Allstate Property and Cas. Ins. Co. v. Squires*, 667 F.3d 388, 395 (3d Cir. 2012) (describing the holding of *Underwriters*, 80 F.3d at 95).

As Defendant points out, other courts dealing with similar circumstances have found similarly. Doc. 24 at 3; *see Mihalisis v. Progressive Northern Ins. Co.*, No. 09-CV-215, 2009 WL 10685267, *3 (M.D. Pa. Apr. 2, 2009) (finding no coverage where, "[a]lthough the vehicle may have been a cause of the accident, wife Plaintiff's injuries were the result of slipping on ice. . . . Therefore, when wife Plaintiff slipped on ice when she stepped on the ground while alighting from her automobile, she was not injured as a result of maintenance or use of a motor vehicle."); *Hackbarth v. Nationwide Mut. Ins. Co.*, No. 13-1596, 2014 WL 3378695, *5 (W.D. Pa. Jul. 9, 2014) ("Plaintiff, who has alleged that he was injured when he slipped and fell 'being the parking lot was slippery,' as he held onto the door and handle of the door of the truck as he stepped into it, has not sufficiently alleged facts to support that his bodily injury was the 'result of an accident that [arose] out of the maintenance or use of a motor vehicle as a motor vehicle,' . . . because, as stated in the *Squires* decision, the vehicle 'was the situs of the injury,' but 'its presence was not instrumental in the fall,' and 'the presence of [the] vehicle was merely incidental to the conditions that caused the injuries at issue,' that being the slippery parking lot.") (quoting *Squires*, 667 F.3d at 395).

[45] Doc. 23 at 7.

the Third Circuit found an insufficient causal connection.[46] While ambiguities must be construed in Plaintiff's favor, the Court cannot turn from the clear guidelines set forth in Pennsylvania law as established by the Third Circuit.

Plaintiff has failed to establish the requisite causal nexus between Plaintiff's fall and the vehicle, rendering judgment as a matter of law proper for Plaintiff's breach of contract claim. Because I find as much for Plaintiff's breach of contract claim, summary judgment should necessarily be granted for Plaintiff's bad faith denial claim as well.[47] Accordingly, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law under Rule 56 on both claims.[48]

---

[46] *Underwriters*, 80 F.3d at 92 ("[Plaintiff] fell, striking his back on the sill of the car door."). Plaintiff here incorrectly asserts that, in *Underwriters*, "there was no evidence that striking a body part on the vehicle actually caused the injury." Doc. 23 at 7. Plaintiff provides no authority for the proposition that merely injuring oneself on the vehicle while falling due to an unrelated cause is sufficiently causally related. Doc. 23 at *passim*.

[47] The parties agree that, for a bad faith claim, Plaintiff would be required to show that the insurer lacked a "reasonable basis" for denying benefits under the claim. Doc. 19 at 10; Doc. 23 at 9; *Rancocsky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

[48] *See* FED. R. CIV. P. 56(a).

## III.    CONCLUSION

Defendant's motion for summary judgment is granted for both of Plaintiff's claims. Judgment is entered in favor of Defendant, and the Clerk of Court is directed to close this case.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge